UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA M. SAGONOWSKY, <br>   Plaintiff, <br>    v. <br> STATE OF CALIFORNIA, et al., <br>   Defendants. | Case No. 14-cv-02019-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: DC. No. 19 |

The motion to dismiss is granted.

Plaintiff Christina Sagonowsky's claims for damages against the state court judges arise from actions undertaken in the judges' judicial capacities, and are therefore barred by absolute judicial immunity. *See Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999). Although, in the context of responding to a motion filed by Sagonowsky under California Code of Civil Procedure § 170.6, Judge Cynthia Ming-Mei Lee stated that her actions with respect to Sagonowsky's divorce proceedings were "ministerial" in nature, Judge Lee was nonetheless acting in a judicial capacity both when she scheduled a hearing date in the case and when she granted a prefiling order allowing Sagonowsky's ex-husband to file a sanctions motion against Sagonowsky. *See Meek*, 183 F.3d at 967. Similarly, Judges Anne-Christine Massullo and Julie Tang were acting in a judicial capacity when they ruled on various motions and scheduled hearings in Sagonowsky's case. *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Judge Massullo was also acting in a judicial capacity when she denied Sagonowsky's requests for a continuance to accommodate Sagonowsky's disability. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). Further, under 42 U.S.C. § 1983, injunctive relief is not available "for an act or omission taken in [a judicial] officer's judicial capacity . . . unless a declaratory decree was violated or

declaratory relief was unavailable." Accordingly, Sagonowsky's claims against these defendants are dismissed.

Sagonowsky's claims under 42 U.S.C §§ 1983 and 1985 against the Superior Court of California, County of San Francisco (the "Superior Court") are barred by the Eleventh Amendment. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). In contrast, because Sagonowsky's claims under Title II of the ADA "implicat[e] the accessibility of judicial services," these claims are not barred by the Eleventh Amendment. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004). But these claims fail because Sagonowsky does not allege any wrongful acts on the part of the Superior Court or its administrative employees. Specifically, she alleges no wrongful conduct by Wayne Parinas, and she does not appear to allege (nor could she plausibly allege) that Brandon Riley had the authority to require individual judges to grant continuances in individual cases. Sagonowsky argues that her allegations that "all defendants" conspired to deny her requests for accommodation and otherwise conspired to discriminate and retaliate against her are sufficient to state a claim against Parinas and Riley. But Sagonowsky's allegations of conspiracy are bare conclusions unsupported by any factual allegations, and thus fail to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because it is inconceivable that Sagonowsky could amend the complaint to state a claim against Judges Lee, Massullo or Tang, the claims against those defendants are dismissed with prejudice. It is difficult to imagine how Sagonowsky could plausibly allege an ADA claim against the Superior Court, Parinas or Riley based on the failure of individual judges to grant her a continuance in a specific case. Moreover, it is difficult to imagine how there would be any remedy for such a claim beyond recourse to the normal appellate process. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (explaining that the *Rooker-Feldman* doctrine "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments"). But in their proposed order, the defendants did not request that the Court dismiss all defendants with prejudice. *See* Docket No. 19, Proposed Order. Accordingly, the dismissal with respect to the Superior Court and its administrative employees is with leave to amend. In the event that Sagonowsky chooses to file an

1  amended complaint against these defendants, she must do so within 21 days of this order, or the
2  dismissal will be with prejudice.
3      **IT IS SO ORDERED**.
4  Dated: September 23, 2014

_____
VINCE CHHABRIA
United States District Judge

3